United States District Court
Southern District of Texas
**ENTERED**
December 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLARENCE MILLER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-04240 |
| § | |
| NORTHWEST HARRIS COUNTY MUD NO. § | |
| 24, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is the defendant's, Northwest Harris County MUD No. 24 (the "District"), motion to for summary judgment. (Dkt. No. 36). The plaintiff, Clarence Miller, has filed a response in opposition to the defendant's motion. (Dkt. No. 37). The District has not filed a reply, and the time for doing so has passed. After having carefully considered the motion, response, the record, and the applicable law, the Court determines that the defendant's motion for summary judgment should be **DENIED**.

**II.   FACTUAL BACKGROUND**

The District is a municipal utility district located in Harris County, Texas and authorized by the Texas Commission of Environmental Quality ("TCEQ") to provide water, sewage, drainage, and other utility-related services within its geographic boundaries. Between 2012 and September 28, 2019, the District employed Miller in the capacity of general manager. During the period relevant to this suit, Miller entered into employment agreements with the District for successive one-year terms. The individual agreements set Miller's salary at: $80,000 from April 1, 2016 to March 31, 2017; $100,000 from April 1, 2017 to March 31, 2018; $105,000 from

1

April 1, 2018 to March 31, 2019; and $75,000 from April 1, 2019 to March 31, 2020.[1]

Miller was the District's sole employee, and as general manager he was responsible for overseeing the security, repairs, and operation of the District's administrative building and its wastewater treatment plants. He also marketed the use of the District's administrative building as an event space, scheduled events at the building, and either attended such events or subcontracted others to do so in his place. Miller's employment agreements required that any subcontractor hired by Miller "must be approved by the [District's] Board and paid directly by the General Manager." His duties additionally included accepting payments or issuing refunds for building events, purchasing necessary supplies and paying vendors, and making deposits into the District's petty cash account.

On October 28, 2019, Miller sued the District under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA" or the "Act"), alleging that the District violated the Act's overtime pay provisions with respect his pay during the latter period of his employment. Specifically, Miller alleges that between January 1, 2016 and September 28, 2019,[2] the District misclassified him as a non-exempt employee under the FLSA and that during this time he regularly worked between 20 and 30 hours of uncompensated overtime each week.

### III.   CONTENTIONS OF THE PARTIES

---

[1] Each agreement also provided that "[t]he General Manager is a full-time position exempt from the overtime requirements of the Fair Labor Standards Act." It is well-established, however, that employees cannot waive their FLSA claims by contract. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1411 n.4 (5th Cir. 1990) (citing *Barrentine v. Arkansas–Best Freight Sys.*, 450 U.S. 728, 101 S.Ct. 1437, 1444–45, 67 L.Ed.2d 641 (1981)).

[2] Miller alleges that the District's violations were willful and that, therefore, the FLSA's three-year statute of limitations applies to their claims. *See* 29 U.S.C. § 255(a). Accordingly, the period encompassed by Miller's suit runs from October 29, 2016 until the date he filed suit.

The District argues that summary judgment is appropriate because the record shows that, as matter of law, Miller was exempt from the FLSA's overtime provisions based on the Act's exemptions for administrative employees and highly compensated employees. *See* 29 C.F.R. §§ 541.600–.601. The District asserts that the "highly-compensated-employee" exemption applied to Miller between April 1, 2017 and March 31, 2019, during which period he received an annual salary of $100,000 and $105,000, respectively.

Miller argues that the "administrative-employee" exemption does not apply to him because he did not, as required by the exemption, exercise discretion and independent judgment in matters of significance to the District. He also asserts that the highly-compensated-employee exemption is inapplicable to him because he had to pay all subcontractors directly, without reimbursement from the District, thereby reducing this salary below the exemption's minimum threshold. In effect, Miller asserts that this requirement of his employment—*i.e.*, paying subcontractors from his salary without reimbursement—violated the "salary basis" test set forth in 29 C.F.R. § 541.600, *et seq.* and 29 C.F.R. § 531.035.

## IV.   STANDARD OF REVIEW

### A.   The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the

3

discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008). If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075. The nonmovant must then "'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). All "factual controversies [are to be resolved] in favor of the

[nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). In sum, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

    **B.**    **The FLSA and its Exemptions**

Under the FLSA, all employees must receive overtime compensation for hours worked in excess of forty hours during a seven-day workweek. *See* 29 U.S.C. § 207(a)(1). Employees are entitled to overtime compensation, unless their employer proves that a statutory exemption applies. The District asserts that Miller is not entitled to overtime compensation because he falls within the administrative-employee and highly-compensated-employee exemptions. *See id.* § 213(a); 29 C.F.R. §§ 541.600–.601. FLSA exemptions are narrowly construed against the employer, who has the burden of demonstrating that an employee is exempt. *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002). Whether an employee is exempt under the FLSA is mainly a fact issue determined by the employee's salary, duties, and application of the factors in 29 C.F.R. Part 541, but the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler–Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000).

**V.**    **ANALYSIS AND DISCUSSION**

    **A.**    **The Administrative-Employee Exemption**

The Court is of the opinion that the District has not met its summary judgment burden as to the third prong of the administrative-employee exemption and that summary judgment premised on this exemption is, therefore, inappropriate. During the period applicable here, the

5

Department of Labor ("DOL") regulations defined an "administrative" employee as an employee:

> (1) Compensated on a salary or fee basis . . . at a rate of not less than [$455] per week . . . , exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a) (2004); *id.* § 541.600(a). In determining whether an employee's duties satisfy the "discretion and judgment" prong, Court should consider whether the employee:

> has authority to formulate, affect, interpret, or implement management policies or operating practices; . . . carries out major assignments in conducting the operations of the business; . . . performs work that affects business operations to a substantial degree; . . . has authority to commit the employer in matters that have significant financial impact; . . . has authority to waive or deviate from established policies and procedures without prior approval; . . . has authority to negotiate and bind the company on significant matters; . . . provides consultation or expert advice to management; . . . is involved in planning long- or short-term business objectives; . . . investigates and resolves matters of significance on behalf of management; . . . and represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.* § 541.202(b). In support of Miller's ability to exercise discretion and independent judgment as general manager, the District cites Miller's deposition testimony, in which Miller states that he initiated efforts to advertise the District's building as an event facility, both at in-person events and via social media. Miller also worked with local residents to power security cameras in the area, cameras that he had obtained the community's permission to install. Additionally, Miller testified that he had authority to schedule security for building events, could modify his work schedule by deciding to have another board member attend building events in his place, could

6

cancel building events for non-payment and issue refunds, and coordinated and oversaw maintenance and repair of the building and the District's wastewater treatment plants.

In response, Miller points to separate deposition testimony in which he speaks to the limits on his discretion. He testified that he could select only one of two other District board members, either Derrel Felton or Darryl Simon, to attend building events in his stead. Furthermore, he testified that he did not have discretion in choosing vendors to perform repairs at the administrative building, or to provide event security. For instance, when the building's water heater needed to be replaced, Miller simply contacted a plumbing company that the board had pre-authorized and submitted their bid to the board for approval. Additionally, there is no evidence that Miller could hire and fire District employees, negotiate for or bind the District on significant matters, or waive or deviate from established policies and procedures without the prior approval of the District board. *See id.* § 541.202(b). Indeed, Miller repeatedly testified that all of his decisions relating to the administrative building or the District required the board's approval.

As noted, the Court must construe FLSA exemptions narrowly and against the employer, who has the burden to establish that an exemption applies. *Tyler*, 304 F.3d at 402. Based on the record evidence, the Court is of the opinion that the District has not established that, as a matter of law, Miller was subject to the Act's administrative-employee exemption.

    **B.**    **The Highly-Compensated-Employee Exemption**

The District also contends that Miller satisfied the requirements for the "highly-compensated-employee" exemption. This exemption applies to employees who receive a "total annual compensation of at least $100,000.00," on "a salary or fee basis," and who "customarily and regularly perform at least one of the duties of an executive, administrative, or professional

employee." 29 C.F.R. § 541.601(a), (b)(1). To satisfy this exemption, like the administrative-employee exemption, an employer must meet the "salary-basis" test, which requires that an employee receive "each pay period . . . a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." *Edwards v. KB Home*, No. 3:11–CV–240, 2015 WL 6965387, at *2 (S.D. Tex. Nov. 10, 2015) (citing 29 C.F.R. § 541.602(a)). This predetermined amount must be made "free and clear," meaning "finally and unconditionally." 29 C.F.R. § 531.35; *Edwards*, 2015 WL 6965387, at *2. Specifically, the FLSA prohibits arrangements wherein the "employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. § 531.35. For instance, if "the employee must provide tools of the trade . . . required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

Miller's employment agreements for the periods of April 1, 2017 to March 31, 2018 and April 1, 2018 to March 31, 2019 provide for a salary of $100,000 and $105,000, respectively. Miller verified these salary amounts during his deposition. However, Miller in effect argues that he did not receive his salary compensation "free and clear" because the agreements required him to pay subcontractors out of pocket to perform duties such as attending building events. Indeed, Miller's employment agreements for the above time periods required that any subcontractor contracted by Miller "must be approved by the Board and paid directly by the General Manager." Miller offers evidence that he paid Darryl Simon and Darrel Felton subcontracting fees totaling $26,600 during the fiscal year commencing on April 1, 2017 and $26,400 for the fiscal year

8

commencing April 1, 2018. There is no evidence that the District reimbursed Miller for these amounts, and Miller asserts that his "total annual compensation" was effectively reduced to $73,400 and $78,600 for each respective year of employment. The District does not address Miller's "free and clear" argument or attempt to contravene Miller's evidence on this point.

The Court finds persuasive Miller's argument that the District's failure to reimburse him for out-of-pocket payments to subcontractors resulted in a violation of the FLSA's salary-basis test. *See Edwards*, 2015 WL 6965387, at *2; U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, 2006 WL 940663, at *1 (Mar. 10, 2006) (requiring purportedly exempt employees "to make out-of-pocket reimbursements" to or for the benefit of an employer "from compensation already received . . . would result in employees not receiving their predetermined salaries when due on a 'guaranteed' basis or 'free and clear'"). To show that the highly-compensated-employee exemption applied to Miller, the District needed to show that Miller's compensation satisfied the salary-basis test. Because it failed to do so, the Court must deny summary judgment.

### VI. CONCLUSION

Based on the foregoing, the defendant's motion for summary judgment is **DENIED**.

It is so **ORDERED**.

SIGNED on this 29th day of December, 2020.

Kenneth M. Hoyt
United States District Judge